B. F. MARSHAL *et al. v.* J. M. HAMILTON, President of the Board of Trustees of Carroll County.

1. SCHOOL TRUSTEES: THEIR BOND: APPROVAL: OATH OF OFFICE.—The statute requiring bonds of school trustees to be approved by the boards of police, and that they shall take the oath of office, is only directory, and such approval and such failure does not affect the validity of the bond or their official action.

2. PLEADING : DECLARATION : WRITINGS MUST BE SET FORTH BY PROPER AVERMENTS.—Whatever of the writing sued on is necessary or material must be set forth in the declaration by proper averments. Copies of such writings filed with or annexed to the declaration, under art. 90, p. 492, Rev. Code, and proofs and exhibits on file, cannot be referred to in aid of the pleading, nor do they become a part thereof.

3. SAME : TRAVERSE OF SUPERFLUOUS AND IRRELEVANT MATTER: PLEA OF GENERAL PERFORMANCE WHEN SPECIAL BREACHES ASSIGNED.—Pleas traversing immaterial or superfluous allegations are bad on demurrer; so

are pleas of general performance to an action on a bond with conditions, when special breaches are assigned in the declaration.

4. SAME: PROOFS AND EXHIBITS WITH PLEADING.—The practice of filing proofs under the name of exhibits, with pleadings in courts of law, is wholly irregular and improper.

5. SAME: COPIES OF WRITINGS SUED ON, PART OF RECORD: OTHER WRITINGS SUPPLIED BY BILL OF EXCEPTIONS.—Copies of writings sued on, properly filed with or annexed to the declaration, become part of the record, but this is not true of any other writings. It is only by means of a bill of exceptions that such other writings can be made a part of the record. Whatever is improperly inserted in the record will be regarded as extraneous and will not be noticed.

6. SAME: PRACTICE.—Motion to strike out pleas can only be made when they are irregularly filed or are entirely and manifestly frivolous.

ERROR to the Circuit Court of Carroll county. Hon. Wm. Cothran, judge.

*W. P. Harris,* for plaintiff in error, contended that the bond sued on was not a part of the record or declaration for want of profert and oyer, and not being marked filed; that the bill single and the fragment of proceedings on it in the Circuit Court, although made exhibits to the *declaration,* do not thereby become parts of *it* or of the *record;* that the general demurrer should have been overruled as to the second and third pleas, because the bond sued on, not having been approved and the trustees not having taken the oath of office, is not an official bond; that this suit is not such approval as is necessary, and that the trustees by mere force of acting as such did not become trustees de facto, and thereby rendered the bond valid; that in case of private parties and private bonds when the acceptance of the instrument is necessary to its validity, suit upon the bond may be regarded as proof of such acceptance, but this principle is not applicable to official bonds, nor to official acts. The approval must be by the board of police acting officially. Whilst it may be true that as to the public or third parties the *acts* of a de facto officer are valid, the doctrine cannot be so extended as to sustain an official bond *not approved* or *accepted* by the proper authority, or *which was rejected.*

He contended that, as the declaration was against the defend-

Marshall et al. *v.* Hamilton.

ants as persons legally elected and who gave bond which was approved, and who qualified, the pleas denying these averments were good; that such averments were material and a defence based upon their traverse well taken. The declaration does not show that the bill single was never paid, or that the makers thereof were ever solvent.

The breach assigned is that the parties suffered the statute of limitations to bar the bill single; that if this be true it was a breach of their duty, and is the only one assigned—if not true, defendants are not liable. The 6th plea denies the truth of this averment, and is therefore good.

The defence against *specific* breaches, cannot be made under plea of general performance. See *Tomlinson* v. *Hoyt,* 1 S. & M. 515; *Roy* v. *Wolfolk,* Ib. 523; *Smith* v. *Com. Bk.,* 6 S. & M. 83; *Johnson* v. *Beard,* 7 S. & M. 214; *Taylor* v. *Arthur,* 9 S. & M. 183; *Mobley* v. *Keys,* 13 S. & M. 677.

The court erred in striking out on motion, the 6th plea; this can only be done in case the plea is filed out of time or against the rules of court, or is manifestly frivolous.

*J. Z. George,* for defendants in error, contended that all the special pleas are frivolous, and present no bar to the action; that the suit on the official bond by the board of police was a sufficient approval of it; that the defendants cannot set up as a defence their failure to take the official oath; that the trustees acted as such publicly, and were officers de facto; that the fact of the bond having been executed by Marshall as one of the trustees, and payable to him, as president of the board of police, does not affect its validity; that the 6th plea, denying that the bill single was barred, is no defence; that all the pleas except the first were bad, as all the defences suggested therein could be made under the 1st plea.

ELLETT, J., delivered the opinion of the court.

This was an action brought by the defendant in error as president of the board of police of Carroll county, against the

plaintiffs in error, and founded upon a bond given by defendants, as trustees of schools of one of the townships in said county, payable to said Marshall, as president of said board of police, and dated August 14, 1854. The bond recites that the obligors, on the 24th day of June, 1854, were duly elected trustees of the school fund, by the qualified electors of the township, and is conditioned for the faithful discharge according to law of the duties pertaining to said office of trustees. The declaration avers the election and qualification of the trustees, that the bond was approved in open court, and that the defendants entered on the duties of the office.

The breach of the condition is set forth, and it alleges that a certain bill single came to the possession of the defendants as such trustees, which it was their duty to collect, but that they negligently failed to collect it, and that by reason of such neglect, it was barred by limitation ; that they instituted suit on it after it was so barred, and that the makers successfully defended the suit on the plea of the statute of limitations ; that the said bill single cannot now be collected by reason of being barred as aforesaid, and that by the wilful neglect of the defendants to sue on the same, damage has accrued, etc.

The declaration refers to the record of the suit brought on the bill single, and makes the same an exhibit to the "complaint."

The defendants pleaded seven pleas.

1. General performance of the condition of the bond, concluding to the country.

2. That the bond was not approved by the board of police according to the statute.

3. That the defendants did not take the oath of office.

4. That the board of police did not by order fix and direct the penalty of the bond.

That Marshall, to whom the bond is made payable as president of the board of police, and Marshall the defendant, one of the obligors in the bond, are one and the same person.

6. That the bill single was not barred by the statute of limitations at the institution of this suit, nor at the time stated in said declaration.

7. That the defendants did not wilfully neglect to sue and collect the bill single.

A general demurrer to the 2d, 3d, 4th and 5th pleas was sustained by the court, and, on motion, without a demurrer, the 6th and 7th pleas were " overruled."

The remaining issue on the first plea, was submitted to a jury, and a verdict and judgment given for the plaintiff.

The rulings of the court below on the demurrers, and on the motion to overrule the pleas, are assigned for error.

A copy of the bond sued on is filed " as Exhibit A to the complaint." The statute requires a copy of any writing, on which the action is founded, to be annexed to, or filed with the declaration, and when so annexed or filed, it becomes a part of the record. Rev. Code, 492, art. 90. But this is not true of any other writings. When properly filed under the article just quoted, they do not become a part of the pleading, and cannot be referred to in aid of the pleading. Whatever of the writing sued on is material to the sufficiency of the declaration, must be set forth by proper averments. The practice of filing proof, under the name of exhibits, with pleadings in courts of law, is wholly irregular and improper. It is only by means of a bill of exceptions that the evidence in actions at law can be made a part of the record. In this case, the record of an action brought upon the bill single in controversy, is referred to in the declaration as an exhibit, and is copied into the record of this cause. But although *in* the record, it is not *of* the record, and cannot be noticed for any purpose whatever, not being brought in by a bill of exceptions. It is not only useless, but highly objectionable, to incumber the records in this manner. The case must stand upon the pleadings proper, without any aid from this extraneous matter.

We are of opinion that the demurrer was properly sustained to the 2d, 3d, 4th and 5th pleas. The declaration alleged that the defendants were duly elected school trustees, that they gave the bond sued on as such, that the bond was approved by the board of police, that the defendants qualified as trustees and entered on their duties, and that they came into possession of

the bill single as such.  The second plea denies that the bond was approved according to the statute in such cases provided, and the third denies that they took the oath of office.  The other allegations of the declaration are not denied, and are to be taken as admitted.  The second plea is obnoxions to the criticism that it seeks to present an issue of law, for the decision of the jury, to wit, whether the bond was approved in the manner required by law.  But without laying stress upon that, it is clear, on the pleadings, that the defendants gave the bond, and acted as trustees under it, and that the board accepted it, and have sued upon it.  The formal approval of it by the board, is a directory requirement, for the safety and protection of the public, and is not essential to the validity of the bond, and the averment that it was approved is not traversable.  If the plea had alleged that the board rejected the bond when offered, and refused to accept or approve it, a different conclusion might follow.

As to the third plea, it surely does not lie in the mouth of a person who has accepted a public office, given bond, and discharged its duties, to allege his own default, or omission to take the oath of office, as a ground of exemption from liability upon his bond for official misfeasance or malfeasance.  The statutory recognition of the principle that the acts of a person in possession of a public office, and exercising the functions thereof, are valid and binding as lawful official acts, whether such person be lawfully entitled to hold such office or not, or be lawfully qualified or not, seems to us necessarily to carry with it the condition that such person is liable for every neglect faithfully to discharge the duties which he claims the right to perform in the office which he usurps.

The fourth plea is equally bad.  It is immaterial who fixed the penalty of the bond.  If the board of police accepted the bond, acted upon it, and brought suit upon it, they adopted and agreed to the penalty as stated in it, and it is not necessary that the original suggestion of the particular sum should have proceeded from them.

The fifth plea is also bad.  There was nothing in the law

forbidding Marshall to hold both offices. He might be the president of the board of police, and at the same time a school trustee. His official bond, in the latter capacity, is for the benefit of the public, and it is not void because required by law to be made payable to himself in the former character. He had no personal interest as payee or obligee in the bond, but merely represented the people who were interested in the school fund of the township, and the right of action on the bond passed to his successor, when Marshall went out of office.

The sixth and seventh pleas were "overruled", on motion, without a demurrer. If this is to be regarded as a motion to strike out the pleas, such a motion can only be made when the pleas are irregularly filed, or are entirely frivolous. These pleas were regularly filed, and their legal sufficiency could not be tested on motion, if they were possessed of the slightest degree of merit.

The sixth plea is really the only good one in the seven. The first plea on which the cause was tried, being a plea of general performance to a declaration assigning a special breach, was no answer to the action, and presented no issue for the jury to try. The breach assigned, is the neglect to collect or sue upon the bill single until it became barred by limitation. The very point on which the case turns, is the averment that the bill single became barred by the statute. It was surely competent to deny this fact, and this sixth plea does substantially, but not very skilfully or technically, traverse the breach, and present an issue for trial.

It is true the declaration avers that the defendants instituted suit on the said bill single, after it was so barred by the statute of limitations, and that the makers successfully defended the same on the plea of the statute. But this is not set up as *res judicata*, or relied on as an estoppel. It is not averred that there was any judgment on the plea, and the defendant is therefore left at liberty to traverse as a fact the averment that the bill single was barred by limitation.

At the close of the declaration, it is averred that, by the wilful neglect of the defendants to sue on the bill single, damage has accrued to the plaintiff. The seventh plea denies that the

defendants wilfully neglected to sue, and this plea was overruled on motion. The charge in the declaration, that the neglect was wilful, was not material or traversable, but unnecessary and superfluous, and this plea set forth no bar to the action, the gist of which was the imputed negligence of the defendants.

For the error in overruling the sixth plea the judgment will be reversed, and the cause remanded for further proceedings in the court below.