FIRE ASSOCIATION OF PHILADELPHIA V. JAMES A. RUBY ET AL.

FILED MAY 2, 1900. No. 10,600.

1. **Demurrer Ore Tenus:** CONSTRUCTION OF PLEADING. Where a petition is not attacked by motion or demurrer, but objections for the first time are raised to the introduction of any evidence because of its alleged insufficiency, and the case has passed to trial on the issues formed, a reviewing court will give to such pleading a liberal construction, to the end that the same may be upheld, if possible.

2. **Petition on Official Bond:** CONSTRUCTION OF PLEADING. In a petition in an action against a sheriff and his sureties on his official bond, based on an alleged default in the conditions of the bond by the principal in the performance of his official duties, an allegation that the bond was executed as required by law is sufficient to include or cover the performance of every act essential to the making and approval of the bond, and will support a judgment against the officer and the sureties on his official bond; and where the words "entered into" are used in place of "executed," *held*, that the term "entered into" as used is interchangeable with, and equivalent to, the word "executed," and embraces within its meaning the same acts as the word "executed," and, with other proper averments, states facts sufficient to constitute a cause of action against the obligors.

3. ———: ALLEGATION OF APPROVAL: SURETIES. In an action based on an official bond against a principal and his sureties thereon,

for an alleged default in its conditions by the principal in the performance of his official duties, the approval of such bond, not being for the benefit of the sureties, or in their interest, or for their protection; an averment of the approval of the bond, or words equivalent thereto, is not necessary in stating a cause of action against the obligors.

4. **Former Holding Overruled.** First paragraph of syllabus in *Fire Ass'n of Philadelphia v. Ruby*, 58 Nebr., 730, overruled.

ERROR to the district court for Phelps county. Tried below before BEALL, J. *Reversed.*

REHEARING of case reported in 58 Nebr., 730.

*Dryden & Main* and *G. Norberg*, for plaintiff in error.

*S. A. Dravo, Rhea Bros. & Manatt, C. H. Roberts* and *C. St. Clair, contra.*

HOLCOMB, J.

An opinion in this case was filed June 21, 1899, and is reported in 58 Nebr., 730. The case has also once prior thereto been before this court. *Fire Ass'n of Philadelphia v. Ruby*, 49 Nebr., 584.

A rehearing has been allowed on the application of the plaintiff in error, thereby requiring a re-examination of one of the questions involved. All questions in the case have heretofore been disposed of to our entire satisfaction, save the one of the alleged insufficiency of the petition to support a judgment against the sureties on the official bond of the defendant Ruby, as sheriff of the county where the action was commenced. We deem it, therefore, unnecessary to consider any other point to which our attention has been called, than this one.

In the former opinion, in the first paragraph of the syllabus, it was held that "in an action on the official bond of a sheriff, the petition should disclose the execution and approval of the bond, or facts showing a waiver of the approval of the bond, or facts which estop the sureties from urging its non-approval." *Fire Ass'n of*

*Philadelphia v. Ruby, supra.* Because of the want of an averment covering the point mentioned in the syllabus quoted as to approval, the petition was deemed insufficient, and a judgment dismissing the action as to the sureties affirmed.

The petition under consideration alleges, "that the defendant, J. A. Ruby, was duly elected and qualified as sheriff of Phelps county, Nebraska, for the term commencing January 1st, 1890; that being required by law to give bond for the faithful performance of his duties, said J. A. Ruby as principal, and the other defendants herein as sureties, entered into a bond in the sum of ten thousand dollars as required by law for the faithful performance of his duties as such sheriff. A copy of said bond is hereto attached, marked 'Exhibit A,' and made a part hereof. That during the term for which said Ruby was elected so as aforesaid, to-wit: on the 15th day of September, 1890, in the performance of official duties as sheriff of said county, he," etc., the allegations quoted being followed by a statement of the acts complained of.

The petition was not attacked in the trial court, either by motion or demurrer. In their answers, the defendants allege that "said amended petition does not state facts sufficient to constitute a cause of action." An objection was entered against the introduction of any evidence because of the alleged insufficiency of the petition, which was overruled and the case proceeded to verdict and judgment on the issues presented by the pleadings. If the petition states a cause of action against the sureties on the sheriff's bond, all other questions having heretofore been determined adversely to the defendants, the judgment of the lower court must be reversed, and the cause remanded for a new trial.

The provisions of the Code of Civil Procedure as to the pleadings, as well as in all other respects, are to receive a liberal construction, to the end that justice may be administered to parties litigant. Sec. 1, Code Civil Procedure; *Kepley v. Irwin,* 14 Nebr., 300.

It has frequently been held by this court that where a petition is not attacked by motion or demurrer, but objections for the first time are raised to the introduction of any evidence because of its alleged insufficiency, and the case has passed to trial on the issues formed, this court will give such pleading a liberal construction, to the end that the same may be upheld if possible. *Peterson v. Hopewell*, 55 Nebr., 670; *Norfolk Beet-Sugar Co. v. Hight*, 56 Nebr., 162. We regard the rule as wholesome and salutary, and one to be given effect wherever applicable. Of the same import are the holdings of the courts of last resort of other states. *Mills v. Vickers*, 50 Pac. Rep. [Kan.], 976; *Whitbeck v. Sees*, 73 N. W. Rep. [S. Dak.], 915.

In the former opinion of this court, by NORVAL, present C. J., it is said, p. 731: "Had the plaintiff alleged that the defendants executed the bond, it might include, or cover, the performance of every act essential to the making and approving of the bond." We assume this to be a correct expression of the law as to pleadings founded upon official bonds of the character under consideration, and the proposition is supported by both reason and authority.

Bouvier thus defines the word "execute": "The term is frequently used in law; as, to execute a deed, which means to make a deed, including especially signing, sealing and delivery." Anderson's Law Dictionary defines the word "execute" as follows: "In strict legal understanding, when said of a deed or bond, always means to sign, seal and deliver." Under each definition, it will be noted, every act essential to a complete making and delivery of the instrument is included in the word "execute." *Robert v. Good*, 36 N. Y., 408; *Prindle v. Caruthers*, 15 N. Y., 425; *Clark v. State*, 125 Ind., 1.

Reasoning from the hypothesis given, we will examine the petition in the case at bar. As has been heretofore noted, the petition does not in terms allege the making, that is, the signing of the bond, or its approval, filing

or delivery. Nor does it allege by direct words the execution of the bond, which doubtless would comprehend all essential acts necessary to make it a valid and binding obligation on the signers thereof. What is alleged in this respect is, that the defendant Ruby, in qualifying, was required to give bond for the faithful performance of his duties, and that he as principal, and the other defendants as sureties, "entered into" a bond as required by law for the faithful performance of his duties as such sheriff, a copy of the bond sued on being attached to, and made a part of, the petition.

If, from the language used, it may fairly be inferred that all acts necessary to constitute a full and complete execution of the bond, including such intermediary steps as are essential to its validity and effectiveness, are alleged, then, as in the hypothetical statement, a good cause of action is stated by the petition. The only words used from which this deduction may be drawn are contained in the allegation that the defendants "entered into" the bond mentioned. The term "entered into" is of common use in legal phraseology, has a well defined meaning, and is frequently found in statutes, opinions of courts, and legal publications generally. Ordinarily, it is equivalent to the phrase "to become bound; or obligated by a bond, recognizance, contract," etc. In the Century Dictionary the words "To enter into recognizances" are defined thus: "[In law] to become bound under a penalty, by a written obligation before a court of record, to do a specific act." Other lexicographers give substantially the same definition. In the statutes of Nebraska the words "entered into" appear to be used interchangeably with, and as equivalent to, the word "execute." Cobbey's Statutes, 1891, secs. 243, 5005, 5071, 5254, 5478 and 5521. In *Matthews v. Council*, 96 Ga., 780, a petition alleging that "defendants entered into an administrator's bond," etc., was held good on demurrer for want of a cause of action. To the same effect are *Greenville Co. v. Runion*, 9 S. Car., 1; *Condit v. Baldwins*, 19 N. J.

Law, 144, and *Board v. Parsons*, 22 W. Va., 308. We conclude therefore that the averment that the defendants entered into the obligation sued on, is equivalent to the allegation that they executed the bond, and comprehends all acts essential to its making and delivery, and that the petition states facts sufficient to constitute a cause of action.

The plaintiff in error also contends that it is unnecessary in the petition to allege approval of the bond upon which suit is brought, or words equivalent thereto. This point of the controversy is perhaps disposed of in the views already expressed; for if, as we are disposed to think, the words "entered into," as used in the pleading quoted, are equivalent to, and interchangeable with, the word "execute," they would embrace all the acts essential to a complete execution of the bond, including the intermediate act of approval. Since, however, in the former opinion, the case was affirmed as to the defendant sureties on the bond, because the petition did not state a cause of action against them, in that it did not contain an allegation that the bond was approved, or equivalent words or acts, showing a waiver of approval, or estoppel by reason of non-approval, it would be more appropriate in this opinion to directly dispose of that question also. We are to determine whether, in an action on an official bond against the principal and the sureties thereon, for a breach of its conditions, the approval of the bond by those charged with that duty, is a material averment which must be alleged and proved. While the approval of an official bond is essential as a step to the qualification of the person holding a public office, and a material allegation in a pleading by one whose title to office is challenged or in question, yet, the approval is not for the benefit of a surety, or in his interest, or for his protection. Therefore, in a suit upon an obligation signed by him, and under which his principal has assumed to discharge the duties of his office, such surety can not be heard to urge the want of approval to his advantage, or as a ground

of release from the obligation entered into; and as to him, at least, it is immaterial whether or not approval by the proper officer has been had upon such obligation, or whether it has been approved at all. In *Holt County v. Scott*, 53 Nebr., 176, 191, Chief Justice HARRISON, writing the opinion, says: "These provisions relative to approval of the bond were not for the benefit of the sureties of bonds, but for the convenience and better security of the public and the parties who may be directly interested. The sureties had signed the bond and delivered it to the principal therein for the purpose for which it was used, and they have no reasonable or tenable ground for complaint in that some matters which were not of their concern, or not to be exercised in their behalf, were neglected and not observed. * * * Provisions which require the approval of official bonds are for the benefit of the obligee who alone can take advantage of a failure to observe them. Such failure is never a ground upon which the obligor or his sureties can escape liability after a breach of the conditions of a bond." In Mecham, Public Officers, sec. 313, the rule is stated as follows: "Approval being thus for the protection of the public only, it is well settled that where, by virtue of the bond, the officer has been inducted to the office, his sureties can not escape liability for his defaults because the bond was not approved by the proper officer, or was not approved at all." In *Skellinger v. Yendes*, 12 Wend. [N. Y.], 306, it is stated in the syllabus, that "neither the constable nor his sureties can object * * * that the sureties had not been approved by the clerk." Chief Justice Savage, writing the opinion, says, p. 308: "Nor is there any reason why the sureties should not be liable, notwithstanding the want of a compliance with the statute provisions; in this case it seems that the town clerk neglected to endorse his approval of the sureties. That provision was intended for the benefit of those who should put executions into the hands of the constable, and has no connection with the liability of the sureties. Their signature was all that was necessary

to make them liable. If the bond was not approved and filed, the omission might be considered a refusal to serve, and the vacancy might be filled; but there is nothing in the language or the policy of the statute which renders void any such instrument executed for the security of the execution creditors." To the same effect is *Place v. Taylor*, 22 Ohio St., 317. In *Moore v. State*, 9 Mo., 334, it is held: "A bond given by a collector is valid against him and his securities although not approved by the county court," quoting with approval *Jones v. State*, 7 Mo., 81, wherein the same principle is sustained. In *State v. Fredericks*, 8 Ia., 553, it is held: "In an action on a school fund commissioner's bond, it is not necessary, in order to make it a valid statutory bond, to aver and prove in the first instance, that the sureties were approved by the clerk and sheriff of the county." This view of the law is quite generally accepted and upheld by the courts of last resort in the different states. *Sprowl v. Lawrence*, 33 Ala., 674; *Marshall v. Hamilton*, 41 Miss., 229; *McCracken v. Todd*, 1 Kan., 148; and other cases cited in *Holt County v. Scott, supra;* also *State v. Cromwell*, 7 Blackf. [Ind.], 70.

From a consideration of the foregoing, we are led to the conclusion that an averment of the approval of an official bond, or words equivalent thereto, in an action against a public officer and the sureties upon his official bond, is not necessary in stating a cause of action against the obligors; and that the conclusion reached as announced in the first paragraph of the syllabus in this case, reported in 58 Nebr., 730, should be and is hereby overruled. The cause is reversed as to all the defendants, and remanded to the district court for further proceedings in conformity with law.

REVERSED AND REMANDED.

NORVAL, C. J.

I adhere to the opinion filed on the former hearing.