PLANTERS' OIL CO. v. HILL PRINTING & STATIONERY CO. (No. 6001.)

(Court of Civil Appeals of Texas. Austin. Jan. 2, 1919.)

1. SALES ⬅═⊃353(1) — COMPLAINT — SUFFICIENCY.

In an action for purchase price, the contract as set forth in the petition *held* to contain the necessary elements to constitute a valid written contract under the averments of a petition when tested by demurrer.

2. SALES ⬅═⊃353(1)—COMPLAINT—SUFFICIENCY—"EXECUTED."

In an action for purchase price, a petition alleging that buyer executed the contract set out in the petition *held* sufficient as against a general demurrer, since the word "executed," in a legal sense, includes delivery and implies a completed contract (citing Words and Phrases, First Series, Execute).

3. SALES ⬅═⊃353(7)—CONTRACT—BREACH—ACTIONS—PLEADING—DEFENSE.

In an action for purchase price, the contract appearing complete on its face as set out in petition, and providing seller would protect buyer should the order run less than the amount specified, the condition was for buyer's benefit, and petition need not allege that any particular quantity was ordered, such being strictly defensive matter.

4. COURTS ⬅═⊃121(5)—TEXAS—COUNTY COURT —JURISDICTION—AMOUNT.

Where the petition prayed for the recovery of $185 principal and interest thereon, together with 10 per cent. attorney's fees, which sufficed to make the amount in controversy in excess of $200, the amount is within the jurisdiction of the county court.

5. APPEAL AND ERROR ⬅═⊃1040(10) — HARMLESS ERROR—OVERRULING EXCEPTIONS.

The overruling by the trial court of special exceptions to petition was not reversible where, in view of the evidence, defendant was not prejudiced.

6. APPEAL AND ERROR ⬅═⊃728(2) — ASSIGNMENTS OF ERROR—SUFFICIENCY—EVIDENCE.

An assignment of error complaining of admission of evidence, but not undertaking to set out even the substance of either question or answer, is insufficient, under the rules of the court of appeals, to require consideration.

7. APPEAL AND ERROR ⬅═⊃1048(5)—REVIEW—EVIDENCE—ADMISSIBILITY—PREJUDICE.

If an interrogatory was objectionable as calling for the conclusion of the witness, and too general, vague, and indefinite, it cannot be held prejudicial where the answer was immaterial, relating to a matter not in dispute.

8. APPEAL AND ERROR ⬅═⊃613(1)—BILL OF EXCEPTIONS — AUTHENTICATION — FAILURE TO MAKE.

Under statutes requiring that a bill of exceptions be taken to the refusal of requested special instructions, and that such bill be authenticated, and allowance or approval shown, where proof thereof is not of record the alleged error cannot be reviewed.

9. SALES ⬅═⊃359(1)—BREACH OF CONTRACT—ACTIONS—EVIDENCE—WEIGHT AND SUFFICIENCY.

In an action for purchase price, where buyer refused to receive and pay for goods, evidence that under contract title passed on shipments *held* sufficient to support a verdict and judgment for seller.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by the Hill Printing & Stationery Company against the Planters' Oil Company. Verdict and judgment for plaintiff, and defendant appeals. Affirmed.

J. Felton Lane, of Hearne, for appellant.

BRADY, J. This suit was instituted by appellee to recover from appellant the purchase price of certain cotton receptacles, which were alleged to have been purchased by appellant of appellee upon a certain signed written order. The case was submitted to the jury upon special issues, and judgment was rendered for appellee upon the verdict of the jury for the amount sued for, and appellant duly appealed to this court.

Findings of Fact.

Appellant executed and delivered to appellee, on or about the 24th day of July, 1915, a certain written order, ordering from appellee 20,000 cotton receptacles, at the price of $9.25 per thousand, the said order being as follows:

"Hill Printing & Stationery Company, Waco, Texas, date 7/24/1915.

"Charge the following articles to Planters' Oil Co.:

"Salesman's Order No. ——. Register No. ——. Address, Hearne, Tex.

"Ship by ——, care ——.

"Ship to ——. When ship, Aug. 10th, '15.

"All bills are due and payable in current funds at Waco, Texas, on the 5th of month following date of purchase. *This order is not subject to countermand.*

"——, date received. Register No. ——. Date shipped, ——. File No. ——. F. O. B. Waco factory.

"Ship following order, which is subject to your approval, on terms stated above. This, as well as all previous and all subsequent purchases and indebtedness, is payable at your office in Waco, Texas, with interest after maturity at 10 per cent. per annum until paid, and 10 per cent. additional on amount of principal and interest unpaid for attorney's fees if placed in the hands of an attorney for collection.

"Quantity.                Stock or Class No. 20 M Cotton receptacles.              9.25

"Imprints to follow and shipping instructions to follow.

---

⬅═⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"The terms of this shipment is strictly cash.

"F. O. B. Waco.

"Should order run less than above amount, we will protect Planters' Oil Company on the quantity.

"[Signed]  P. O. Co., O. Robinson."

The cotton receptacles referred to in this memorandum of contract consisted of pasteboard boxes for the use of ginners in placing samples from bales of cotton ginned by them, and on the imprint of the boxes was a place for putting certain data, containing the name of the ginner, the person to whom the cotton belonged, the grade, etc. The imprints were to be printed on posters and affixed to the boxes. Pursuant to the said order, and before shipment, appellee's agent called up the manager of appellant and requested instructions for shipping and imprints, but appellant's manager notified appellee that appellant would not accept delivery of any of the receptacles, and that it did not desire any imprints forwarded. Appellant's manager, who handled this transaction, admitted that he never at any time furnished appellee with any instructions as to imprints, and testified that he would not have accepted delivery of any imprints had they been tendered.

Appellee wrote a number of letters to appellant, to which it received no reply, and shipped the goods to appellant; but acceptance of delivery was refused, and when notice that the goods were at the depot at Hearne was received by appellant's manager he declined to receive them.

There was no evidence that there were any other terms or conditions of the contract agreed upon between the parties, except as substantially set out in said written memorandum of the contract. Appellant contended by its pleadings that the contract was not complete, and that it was not obligated to take the quantity of receptacles provided in the contract, nor any part thereof; but the testimony of appellant's manager shows that he executed and delivered the signed order, with the statement to appellee's salesman that he did not know whether or not appellant could use as much as 20,000 receptacles, and that said salesman informed him that appellee would protect appellant in the matter of quantity, and that appellant would not have to take the 20,000 receptacles, unless it needed them. Appellant's manager further testified that he never ordered out any part of the receptacles, and never furnished appellee with imprints or shipping instructions. His testimony also shows that appellant did not undertake to accept part of the goods, but refused to accept any of same, and that the reason for declining to accept any part of the shipment was that he had found the ginners in his territory overstocked with such receptacles, which they had purchased at a lower price

208 S.W.—13

than appellant had agreed to pay appellee, and, further, because appellant had never received any orders from any ginners for the receptacles.

The special issues submitted to the jury and the answers thereto are as follows:

"Special Issue No. 1. Was the contract entered into between plaintiff and defendant a complete contract for the purchase of the 20,000 cotton receptacles, or was it an optional contract, subject to the option of the Planters' Oil Company to later order such of the cotton receptacles as they might desire?

"If you find that the contract mentioned was a complete contract your answer to the above question will be 'Complete'; but if you find it was optional, as above inquired about, then your answer will be 'Optional.'"

Answer: "Complete."

"Special Issue No. 2. Did the plaintiff, Hill Printing Company, ship to the defendant, Planters' Oil Company, 20,000 cotton receptacles of the kind and grade agreed upon prior to August 10, 1915?"

Answer: "Yes."

Opinion.

[1-3] Appellant's first assignment of error presents the point that the trial court erred in overruling its general demurrer to appellee's petition, because the petition showed on its face that the pretended order was not a complete contract, but was a mere optional contract or order, and that there were no averments showing any subsequent order or contract completing the purchase, nor any compliance with the provisions of the contract as to imprints and shipping instructions, nor any delivery of the order alleged, but a mere allegation of the execution of the instrument.

We think this assignment is groundless, for the order does not appear on its face to be an incomplete or partial memorandum of the contract, but contains all the necessary elements to constitute a valid written contract under all the averments of the petition. The allegation that appellant executed the order was sufficient, as against the general demurrer, to constitute an averment of delivery. The word "executed" in a legal sense includes delivery, and implies a completed contract. Lomax v. Bank, 39 S. W. 655; Koppelmann v. Koppelmann, 94 Tex. 40, 57 S. W. 570; Words & Phrases, vol. 3, p. 2558.

The signed order does include the clause, "should order run less than above amount we will protect Planters' Oil Company on the quantity"; but this provision is a mere condition inserted for appellant's benefit, and for its protection, in case it should not desire to use the full quantity ordered. Any questions arising from the contract as to the furnishing of imprints, shipping instructions, or ordering or using a quantity less than prescribed in the contract, were strictly defensive matters; and, under the averments

of the petition, we think it was sufficiently alleged that there had been executed a complete contract, evidenced by written memorandum, and that appellee had complied with the terms of the contract, and shipped the goods which were refused by appellant. The petition, in our opinion, is good as against a general demurrer; and therefore appellant's first assignment of error is overruled.

[4, 5] The second, third, and fourth assignments of error all relate to the claimed error of the trial court in overruling certain special exceptions to appellee's petition, which are found in appellant's answer. These exceptions are each, in substance, a speaking general demurrer, and raise substantially the same points as are embodied in the general demurrer. With more elaboration, they point out the claim that the petition was vague and indefinite; that the contract on its face purports to be partial and incomplete, constituting a mere option agreement, authorizing appellant to purchase all, any part, or none of the goods specified in the contract; and that the petition does not allege any subsequent or supplementary agreement completing the contract; and also that the petition does not show an amount in controversy sufficient to confer jurisdiction upon the county court.

The same reasons which impelled us to overrule the assignment complaining of the action of the trial court in overruling the general demurrer require us to hold that none of these special exceptions are well taken. It may be added, however, that the petition sued and prayed for a recovery of $185 principal and interest thereon, together with 10 per cent. attorney's fees, which allegations suffice to make the amount in controversy a sum in excess of $200, and therefore within the jurisdiction of the county court.

We believe that the trial court properly overruled each of said special exceptions; but that, if there was any error in the overruling of same, it was, in view of the evidence in the record, harmless error, and not such as would authorize the reversal of the case.

For these reasons the second, third, and fourth assignments of error are overruled.

[6, 7] Appellant's fifth assignment of error complains of the action of the trial court in admitting in evidence, over the objection of appellant, the answer of the witness N. B. Mayer to interrogatory No. 13, because the said interrogatory called for the conclusion of the witness, and was too general, vague, and indefinite to form the basis of a proper answer, and did not apprise appellant of the facts sought to be elicited sufficiently to permit cross-examination of the witness.

This assignment does not point out the claimed error sufficiently to require this court to consider it. It is true that in the statement there is a reference to a bill of exceptions in the transcript, which undertakes to state the interrogatory, but the said bill of exceptions does not show what the answer of the witness was which it is claimed was erroneously admitted. There is also in the statement under this assignment a reference to the statement of facts which contains the answer to interrogatory No. 13, but the statement of facts does not show what the question was. The assignment itself not having undertaken to set out even the substance of the question nor the answer, we think it wholly insufficient, under the rules, to require our consideration.

However, the answer of the witness to the particular interrogatory, even if the latter were legally objectionable, was immaterial, and could not possibly have been prejudicial to appellant. The answer related to a matter not at all in dispute, as there was no issue whatever made as to the price of the goods or the quality of the same. Therefore, the answer having related only to these matters, which were not submitted to the jury, and which were not in dispute, the admission of it could not reasonably have had any effect upon the jury's answers to the other questions submitted to them; hence, if this assignment should be considered, it would have to be overruled.

[8] The appellant's eighth to eighteenth assignments of error, inclusive, all relate to the point that the trial court erred in failing and refusing to submit to the jury certain special issues requested in writing by appellant. If the point had been properly preserved, it might be that appellant would have been entitled to have had some of these questions submitted to the jury, and to have the action of the trial court thereon reviewed; but under our statutes the point has not been properly saved, and we are without authority to review the alleged error of the trial court in refusing such special instructions.

By reference to the transcript we find that appellant made written request for the submission of the special issues embraced in the foregoing assignments, and also that it attempted to except to the alleged action of the trial court in refusing to submit such special instructions; but there is in the record no evidence of the action taken by the trial court, and no authentication whatever of the action of the trial court thereon. Our statutes require a bill of exceptions to be taken to the action of the trial court in refusing to give requested special instructions, and that the bill of exceptions should be authenticated, and the allowance or approval of the bill shown. We find no such proof in the record, and therefore the alleged error of the trial court cannot be reviewed.

By the nineteenth and twentieth assignments of error appellant complains that the

trial court erred in submitting as the sole special issues in the case the two special issues which were submitted to the jury. These special issues may be considered the general charge of the court; but we find that appellant, while attempting to show that it objected to the charge of the court, has not shown any authentication of such objections or of the action of the trial court on such objections. Under our statutes it is imperative that in some authorized manner there must be shown in the record an authentication of the objections or of the trial court's action; otherwise we cannot review it.

For the reasons given we overrule appellant's eighth to twentieth assignments of error inclusive. See Ry. v. Dickey, 108 Tex. 126, 187 S. W. 184.

[9] Appellant's twenty-first assignment of error raises the point that the trial court erred in rendering judgment in favor of appellee because the evidence did not support a finding by the jury or by the court of sufficient facts to authorize such judgment.

By its twenty-third assignment of error it presents the same point, with a detailed statement of the evidence, which it is claimed shows the judgment and verdict without support in the facts.

We have carefully examined the statement of facts, and conclude that under the same there was evidence to support the verdict and judgment, and that no other judgment could reasonably have been rendered under the facts of the case and the findings of the jury.

Under the first special issue the jury found against appellant's theory that the contract was merely optional, and there was substantially no other issue made by the pleadings or the evidence. Under the testimony of appellant's own manager, it never undertook to order any less than the 20,000 receptacles specified in the contract, refused to furnish data for the imprints, and would have refused to receive them had they been sent. It made no complaint that the shipment was too great in quantity, but refused to accept any part of the shipment. Its manager had previously notified appellee that he would not accept delivery of the receptacles, and that he did not desire appellee to furnish any imprints, and positively testified that he would not have accepted delivery of same had they been tendered him.

The twenty-first and twenty-third assignments of error are accordingly overruled.

The twenty-fourth assignment of error is to the effect that the judgment of the trial court should be set aside, because there was neither pleading nor proof of any delivery of said order.

As we construe the pleadings, there was a sufficient averment of delivery of the order, and the proof showed that such order was signed and delivered by appellant, through its manager, to the agent of appellee, and that such order was by him in turn sent in to appellee for performance. There is no pretense in the evidence of any issue questioning the delivery of the order; hence this assignment is without merit and is overruled.

By his twenty-fifth and last assignment of error appellant asserts that the judgment of the court below should be set aside because neither in the pleadings, proof, nor charge of the court was any measure of damages pleaded, proven, or submitted to the jury.

Under the pleadings and undisputed evidence the contract was for the purchase of goods at a specified price, and by its terms the title passed upon the shipment of the goods, or at least upon tender of delivery thereof, to appellant. Under the contract the goods thereupon became the property of appellant, and it became liable to appellee for the price. There was no question about the price, nor any controversy as to the quantity specified and shipped under the contract; therefore there was no occasion to submit any question of measure of damages to the jury, and there could have been but one measure of damages under the pleadings and proof, which was made the basis of the judgment of the court under the findings of the jury and the undisputed evidence.

This disposes of all the assignments of error, and, finding no reversible error of record, the judgment below is affirmed.

Affirmed.