(104 So. 128)

### KIRBY v. BAKER. (8 Div. 688.)

(Supreme Court of Alabama. April 16, 1925.)

1. Mortgages ⊕⇒445—Bill for foreclosure held to aver a tender and acceptance of deed by grantee; "execute."

Bill for foreclosure of mortgage averring that grantors did "execute" deed *held* to aver a tender and acceptance of deed by defendant grantee; "execute" meaning to do all those things essential to a completed effective conveyance, and delivery being imported as part of execution (citing Words and Phrases, First Series, "Execute").

2. Mortgages ⊕⇒281—Grantee satisfying first mortgage could not set up such mortgage as against second mortgage, which he agreed to pay.

Where as consideration for conveyance grantee agreed to pay and assume a first and second mortgage, he could not on satisfaction of first mortgage set up such mortgage as against second mortgage.

3. Appeal and error ⊕⇒179(1)—Questions not presented by proper pleading are moot.

Questions not presented by proper pleading are moot questions, and not reviewable.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill to foreclose a mortgage by James B. Baker against Webster Kirby. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

C. B. Kennamer and Isbell & Scruggs, all of Guntersville, for appellant.

Without delivery shown, the deed alleged to have been executed was not sufficient to meet the statute of frauds. Bentley v. Barnes, 171 Ala. 512, 55 So. 130; McKinnon v. Mixon, 128 Ala. 612, 29 So. 690; 27 C. J. 351. The bill is not sufficient as for specific performance. Pepper v. Horn, 197 Ala. 395, 73 So. 46; Irvin v. Irvin, 207 Ala. 493, 93 So. 517; Burt v. Moses, 211 Ala. 47, 99 So. 106; Allen v. Young, 88 Ala. 338, 6 So. 747.

Street & Bradford, of Guntersville, for appellee.

Execution of the deed was sufficient to take the transaction without the statute of frauds. 27 C. J. 263.

BOULDIN, J. The bill is for foreclosure of a mortgage upon lands. This appeal is from a decree overruling demurrers to the bill.

The case-made by the bill is, in brief, this: J. W. Roden, the owner, contracted to sell the lands to respondent, Webster Kirby. The consideration was that Kirby should assume and pay a first mortgage on the lands due Mrs. R. F. Fennell, a second mortgage due complainant, James B. Baker, and a further debt due to W. N. Bain.

Pursuant to this agreement, Kirby paid off and satisfied the Fennell mortgage, and J. W. Roden and wife "did, therefore, to wit, on the 2d day of February, 1924, execute in due and proper form a conveyance of said real estate to the said Webster Kirby." A copy of the conveyance is made exhibit to the bill, and recites the consideration above set forth.

Thereafter Kirby failed and refused to pay complainant's mortgage, and threatens to foreclose the Fennell mortgage, claiming as assignee thereof. The prayer is that the Fennell mortgage be canceled and complainant's mortgage be foreclosed.

[1, 2] The theory of the demurrer is that the bill does not show any delivery of the deed from Roden to Kirby; that, for aught appearing, the deed was merely signed in an effort to close a parol agreement; and that, in effect, the bill is one for specific performance of a parol contract for the conveyance of lands without such part performance as takes the transaction without the statute of frauds.

The averments of the bill do not warrant this construction. It avers the grantors "did execute" the deed. To execute a deed is to do all those things essential to a completed effective conveyance. Delivery is imported as part of the execution. Hill v. Nelms, 86 Ala. 442, 5 So. 796; Farrior v. Mortgage Co., 88 Ala. 275, 7 So. 200; 3 Words and Phrases, First Series, p. 2558, "Execute."

With no qualifying averments denoting a

different meaning, the bill must be taken as averring a tender and acceptance of the deed by which Kirby acquired the title and became debtor for the amount of complainant's demand. Under these averments it is manifest Kirby could not set up the Fennell mortgage as against complainant's mortgage, which Kirby had assumed to pay.

[3] The rights and equities of the parties upon a state of facts assumed by appellant's argument cannot be reviewed, unless presented by proper pleading. At present these are mere moot questions.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.