**TAORMINA CORPORATION v. INTERNATIONAL PLAYING CARD & LABEL CO., Inc.**

**No. 4118.**

Court of Civil Appeals of Texas. El Paso, Texas.

Sept. 18, 1941.

Rehearing Denied Oct. 9, 1941.

R. D. Cox, Jr., and Strickland, Ewers & Wilkins, all of Mission, for appellant.

E. L. Davis, of Harlingen, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Hidalgo County. Plaintiff below, International Playing Card and Label Company, Inc., sued defendant, Taormina Corporation, to recover an al- leged balance due as the purchase price of fruit can labels fabricated by plaintiff for defendant. Trial was before the court without a jury and judgment rendered in favor of plaintiff in the sum of $1,569.90, the amount claimed. Defendant perfected this appeal.

The parties will be here designated as in the trial court.

No findings of facts and conclusions of law were demanded and none appear in the record. Plaintiff is a foreign corporation, having its principal place of business in the State of Tennessee; it maintains an agent in the City of Harlingen, Texas. Defend- ant is a domestic corporation engaged in the business of canning and processing fruits and vegetables at Donna, Texas.

Plaintiff's petition alleges the signing of certain four orders on September 9, 1937, and October 1, 1937. Copies of such or- ders are attached to the petition, likewise a schedule of the goods alleged to have been furnished by plaintiff to defendant is attached as an exhibit. This account is duly verified. The written orders attached to plaintiff's petition show the kind and character of labels contracted to be fab- ricated by plaintiff for defendant, and the prices to be paid therefor.

Defendant's reply was by plea in abate- ment, alleging that plaintiff was a foreign corporation engaged in the transaction of business in this State without the requisite permit, then to the merits, a general denial, limitation, and a verified plea denying the verified account; pleading particularly as to the labels shown in invoices numbered 1, 2, 3 and 4, alleges that same are not as provided for in the order and were of in- ferior quality; as to the merchandise repre- sented by invoices 33, 34, 35, 36 and 37, that same was not of the class and quality contracted for. About the same allega- tions are made as to invoice No. 38, rep- resenting 95,000 "Deer" No. 2 pea labels.

In our opinion there is no merit in the contention of the defendant that plain- tiff had no right to maintain this action without having a permit to do business in Texas. These goods were ordered in Texas and shipped from Tennessee. The trans- action constituted interstate commerce, and no permit was required. 11 Tex.Jur. p. 162; Shapleigh Hardware Co. v. Keeland Bros., Tex.Civ.App., 60 S.W.2d 510; Phelps v. Jesse French & Sons Piano Co., Tex.Civ.App., 65 S.W.2d 374; Gholson v.

Wickwire Spencer Sales Corporation, Tex. Civ.App., 66 S.W.2d 814.

As stated, the respective obligations of the parties hereto as to the labels in question in this suit were evidenced by written orders signed in September and October, 1937. Plaintiff shipped to defendant the labels represented by invoices 1 to 4, inclusive, on or about the ——— day of November, 1937. Defendant paid the freight thereon. Upon inspection of the labels defendant notified plaintiff that same were not the kind and quality contracted to be furnished. Plaintiff shipped to defendant and defendant accepted the labels represented by invoices 5 to 32, inclusive, and paid for same. Thereafter plaintiff, on February 28, 1938, shipped out the labels shown in the account on invoices 33 to 37 to the warehouse used by its agent, A. H. Vayo, at Harlingen, Texas, same were received by Vayo at Harlingen, Texas, and thereafter tendered to defendant at Donna, Texas. Defendant refused to receive same. The last two statements are perhaps not conceded by defendant, but the evidence is sufficient to support same. The goods shown on invoice 39, being 97,000 "Deer" No. 2 pea labels, were shipped by order of the defendant to its branch in New Orleans, Louisiana.

Defendant urges that there is a variance between plaintiff's pleading and proof, in that the plaintiff's petition avers a delivery of the merchandise to defendant by plaintiff and an acceptance thereof by defendant.

Plaintiff filed what it denominates as its "reply to defendant's answer and cross action," wherein it sets up alternatively the return of the labels shown in invoices 33 to 38, inclusive, and the wrongful refusal thereof by defendant. No exceptions were urged to this reply. In the absence of exception we believe the pleading was sufficient to tender the issue.

Furthermore, by their very nature these labels could be of value to no person other than defendant. There is no salvage value in them. Upon tender in accordance with the contract title passed to the defendant. Planters' Oil Co. v. Hill Printing & Stationery Co., Tex.Civ.App., 208 S.W. 192; Texas Seed & Floral Co. v. Chicago Set & Seed Co., Tex.Civ.App., 187 S.W. 747, writ refused.

The real question in this case is as to whether or not the labels tendered and those delivered to defendant were of the quality and character called for by the written contract or contracts. The burden in this respect was upon the plaintiff to show that same conformed to the contract. Imputed to the trial court is a finding, under the evidence, such were the facts. The evidence is not full and satisfactory upon this issue. However, we have carefully read the statement of facts and examined the samples and sketches of the labels set up as original exhibits. From the reading of the statement of facts and examination of the exhibits we are unable to hold that the judgment of the trial court is without evidence to sustain same or is against the great preponderance of the evidence.

In this case there is no question as to the price charged—it is an agreed price; there is no question but the goods were delivered or delivery tendered; these labels have no salvage value.

Complaint is made as to the admission in evidence of the books of plaintiff. If this testimony was inadmissible we cannot see where defendant was injured thereby. The trial was before the court. It is presumed that inadmissible testimony was disregarded. In ruling upon the evidence the court indicated that no weight was accorded same. As we have before stated, the real question in the case was not as to delivery and price, but as to the conformity of the labels in quality and character to the contract. The evidence before the trial court conflicted. The finding of the trial court is final on the matter.

It is ordered that the judgment be in all things affirmed.