## PRICHARD v. BICKLEY.

### No. 2406.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1943.

Rehearing Denied Oct. 22, 1943.

Smith & Smith, of Anson, for appellant.

Wagstaff, Harwell, Douthit & Alvis, of Abilene, for appellee.

GRISSOM, Justice.

Adelle Bickley sued Roy E. Prichard, administrator of the estate of C. A. Bickley, deceased, on a note alleged to have been executed by C. A. Bickley to Mrs. Bickley (then and now a widow), on August 31, 1940. Judgment was rendered for plaintiff for $17,869.15, and the claim established and ordered paid in due course of administration. Defendant has appealed.

Defendant's points 1, 2, 3, 5, and 8 assert that the court erred in permitting John F. Bickley, Jr., an heir of C. A. Bickley, deceased, and son of plaintiff, to testify in substance that he saw C. A. Bickley write, sign and deliver the note sued on to plaintiff. As illustrative of said points and others, the first point is hereinafter copied as a typical example of the points presented in order that it may not be necessary to quote, or state the substance, of many of the points presented. Point 1 is as follows: "The error of the trial Court in permitting the witness John F. Bickley to testify, over the objections of the defendant, 'That I saw C. A. Bickley fill out and sign the note herein sued upon and I am familiar with C. A. Bick-

ley's signature and I saw him write the note out and sign it to my mother for the amount of $14,834 and some cents.' (All as more fully shown on Pages 11, 12 and 13 S.F.)"

The substance of the objections urged to such testimony was that witness was an heir of C. A. Bickley, deceased, and disqualified to testify as to any transaction with or statement by deceased. Defendant says in his brief that said witness was disqualified because he was interested in plaintiff's recovery as to her prospective heir and was not an "opposite party" to plaintiff. Defendant further says that the witness, though not named as a party to the suit, is interested as a defendant "for the reason that the administrator is representing his interest," and that he is also "arrayed identically and allied with the plaintiff." The latter contention seems to be based upon the fact that witness is a prospective heir of plaintiff. We agree with the contention that said witness should be considered as a defendant with reference to the question whether he could be called by the plaintiff as an "opposite party" to testify relative to transactions with deceased. We do not think the witness is shown to be "arrayed identically and allied with the plaintiff" by reason of the fact that he is a prospective heir of his mother.

Art. 3716, insofar as it is here applicable, provides that in actions against administrators, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by deceased, unless called to testify thereto by the "opposite party." This is certainly an action against an administrator wherein a judgment may be rendered for or against him as such. The testimony of John F. Bickley, Jr., that he saw deceased fill in, sign and deliver the note to plaintiff, and as to what deceased said at the time was relative to statements by and transactions with deceased. Such testimony was not admissible, unless the witness was called to testify by the "opposite party." Although the witness was not named as a party to the suit, he was a party defendant thereto, so far as Art. 3716 is concerned, by virtue of the representation of the heirs of C. A. Bickley, including said witness, by the administrator. He was bound by the judgment against the administrator. As an heir of deceased, the amount of his inheritance was de-

creased by plaintiff's recovery. Perhaps, despite this financial loss, his feelings were with his mother. It is possible that eventually such a loss may be recouped by witness inheriting more from his mother. However, if the record discloses such a situation it has not been called to our attention. These possibilities do not prevent said witness from being an opposite party to plaintiff, and, therefore, such a party as plaintiff may call to testify relative to transactions with deceased.

In Dodson v. Watson, Tex.Civ.App., 225 S.W. 586, 587, Rebecca Rawlins, an heir of the deceased, offered to testify as to a transaction with the deceased, without being called to testify by the opposite party. The court said: "And the fact that Rebecca Rawlins was not nominally a party to the suit made no difference, since she was essentially a party through the plaintiff, Adam Parker, who was suing as administrator of the estate of Pallie Watson, and therefore as representative of all the heirs and creditors. Clark v. Briley [Tex. Civ.App.] 193 S.W. 419; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951; Perdue v. Perdue, 110 Tex. 209, 217 S.W. 694, 220 S.W. 322; Ross v. Kell [Tex.Civ.App.] 159 S.W. 119."

In Williams v. Kincannon, Tex.Civ.App., 265 S.W. 925, 928, the court said: "One not a party to the suit is still disqualified as a witness under the above statute, unless called by the adverse party, when he is a constructive party thereto by representation, is interested in the subject-matter of the suit, and bound by whatever judgment may be rendered therein."

With reference to our conclusion that said witness is an "opposite party" to plaintiff and not shown to be allied with plaintiff, we call attention to Sanders v. Kirbie, 94 Tex. 564, 566, 63 S.W. 626, 627. There William and S. G. Kirbie, in a suit by an heir against an executor and devisees to set aside a will, refused to join as plaintiffs and, consequently, were made defendants. Though they answered by a general denial, they testified that they desired that the will should be set aside, as sought by the plaintiff. Notwithstanding such desires and the feeling that the plaintiff should prevail, they were permitted to be called by plaintiff as opposite parties to testify as to transactions with the deceased. The court said: "Whatever may have been their feelings, their relation to this issue was that of parties opposed to appellant."

In Lehman v. Howard, Tex.Civ.App., 133 S.W.2d 800, 801, Justice Alexander said: "We recognize that the above statute applies to all who would be bound by the judgment even though they may not be actual parties thereto."

In Davidson v. Gray, Tex.Civ.App., 97 S.W.2d 488, 491, this court said: "The true test seems to be whether, though not named expressly as a party, the judgment will be res adjudicata of any claim the witness may have in the subject-matter of the suit or action."

The language of Judge Speer in Mitchell v. Deane, Tex.Com.App., 10 S.W.2d 717, 718, answers directly defendant's contention that the witness was not an opposite party, but allied to plaintiff, because witness was plaintiff's only child and, therefore, a prospective heir: "Interest in the suit does not disqualify. In the case of community property, the wife has a vested right, and under the statute the husband is made her agent for purposes of control, including suit, where necessary, and she is therefore a party by actual representation. This is not true with respect to the husband's suits concerning his separate property. The wife has no vested right in the husband's separate property; her rights are at best potential and contingent upon there being realized a profit by way of rents, revenues, or increase. These things are not directly involved in this litigation, and, though such potential rights may be affected, it is merely incidental, in the same way that a child, as prospective heir, might be interested in the parent's litigation. This would not constitute such child a party within the statute being considered." See also Hutto v. Cook, 139 Tex. 571, 164 S.W. 2d 513, 516; Cook v. Baker, Tex.Com. App., 45 S.W.2d 161, 164; King v. King's Unknown Heirs, Tex.Com.App., 34 S.W. 2d 804, 806; and International Travelers' Association v. Bettis, 120 Tex. 67, 35 S.W. 2d 1040, 1043, in each of which Mitchell v. Deane, supra, is cited with approval.

Some of defendant's points relative to testimony of John Bickley, Jr., to the effect that he knows deceased's handwriting; that the note sued on is in deceased's handwriting; that his signature is on the note, and the like, must be overruled. This is not testimony as to a statement by or transaction with deceased in violation of Art. 3716. In Martin v. McAdams, 87 Tex. 225, 227, 27 S.W. 255, 256, the Supreme Court said: "Testimony to the opinion of

the witness that a certain paper which is offered as a will is in the handwriting of the alleged testator is not testimony as to any statement by him, nor do we think that it is testimony as to any transaction with him."

The holding in Williams v. Farmers' National Bank of Stephenville, Tex.Civ. App., 201 S.W. 1083, 1084, (writ refused) is to the same effect. We are of the opinion that said points cannot be sustained and that error in introduction of the testimony of John F. Bickley, Jr., is not shown.

■ Under Points 4, 7 and 12, defendant contends the court erred in permitting introduction of the note over defendant's objection, defendant having alleged under oath that he believed the note was not executed by deceased or by his authority. Defendant asserts that evidence as to the execution of the note by defendant was insufficient to authorize introduction of the note in evidence because John F. Bickley, Jr., was not a qualified witness and there was no other evidence that deceased executed the note. John F. Bickley, Jr. was a competent witness, and his testimony was sufficient to authorize its introduction in evidence. In addition to his testimony, there was testimony from other witnesses sufficient to authorize its introduction. Deceased's attorney, banker and business partner testified that the handwriting in the body of the note and the signature thereto were in deceased's handwriting; this was sufficient.

■ Defendant's 14th point charges that the court erred in permitting plaintiff to testify, over defendant's objection that such testimony was relative to a transaction with deceased, that she attended a meeting of C. A. Bickley's relatives after his death; that she then showed the heirs the note sued on; that the note was then "filled out", signed and had the "purported" signature of C. A. Bickley on it; that she did not say to the heirs that deceased had told her to fill in the amount of the note. Defendant had introduced testimony to the contrary. The proper test to determine whether testimony violates Art. 3716 is to inquire whether, if witness testified falsely, deceased, if living, could contradict it of his own knowledge. Huff v. Huff, Tex.Civ.App., 72 S.W.2d 675, 676. Under this test the evidence was admissible. If any part of said testimony could be construed as relating to a transaction with deceased, much of it was not subject to such objection. In Olschewske v. Priester, Tex. Com.App., 276 S.W. 647, the Supreme Court held that if any of the testimony objected to as being a transaction with deceased was proper, the objection should be overruled. The Court further held that a payee, charged with alteration of a note sued on, could testify she did not alter it after its execution, although it was, in effect, testimony that deceased executed the note. The evidence was properly admitted. Garner v. Cleveland, Administrator, 35 Tex. 74.

■ Defendant contends the court erred in refusing to submit to the jury defendant's requested issue number one, as follows: "From a preponderance of the evidence, do you find that the amount as appears in the note in evidence, was in the note at the time of the death of C. A. Bickley?" In conformity with Texas R. C.P., 93, subd. h, (formerly Art. 2010, subd. 8) defendant had alleged under oath that he had reason to believe and did believe that the note was not executed by deceased, or by his authority. The most that can be said for defendant's answer is that it alleged as a defense, first, that deceased did not execute the note, and, second, that no other person executed the note who had been authorized by Bickley to do so. The issue made both by plaintiff's pleading and evidence was that deceased executed, that is, signed and delivered to plaintiff a completed note. Plaintiff's contention on that issue was amply supported not only by the testimony of John F. Bickley, Jr., but also by the testimony of the former attorney, banker, and business associate of deceased. The evidence supporting the defense pleaded simply was that defendant's witnesses, after the death of C. A. Bickley, saw plaintiff with the note sued on; that the amount of the note was not then filled in; that plaintiff said deceased had authorized her to fill in the amount of the note. There was also some testimony to the effect that the note was not in deceased's handwriting. Plaintiff attempted to rebut and explain such evidence by testimony that deceased had sent to plaintiff a mortgage to secure payment of the note, and that the description of the note in the mortgage did not have the amount filled in. The court submitted to the jury the following issues and instructions:

1. Do you find from a preponderance of the evidence that the note in question was executed by C. A. Bickley?

If you should answer the foregoing Special Issue No. 1 "No", you will answer the special issue hereinafter submitted; otherwise, you will not answer the special issues hereinafter submitted.

2. Do you find from a preponderance of the evidence that the note in question was signed by C. A. Bickley?

3. Do you find from a preponderance of the evidence that the amount of the note in question was inserted therein, by C. A. Bickley?

If you have answered the foregoing Special Issue No. 2 "Yes", and the foregoing Special Issue No. 3 "No", and in that event only, you will answer the following special Issue No. 4.

4. Do you find from a preponderance of the evidence that the amount of the note in question was inserted therein over C. A. Bickley's signature, if you have found that he signed the same, by authority of the said C. A. Bickley?

By the term "execution of a note", as hereinabove used, is meant the signing and delivery of a note.

5. Do you find from a preponderance of the evidence that C. A. Bickley delivered the note in question to Mrs. Adelle Bickley?

The jury answered only Issue No. 1. That issue was answered "Yes." In other words, the jury found that "the note in question was executed by C. A. Bickley." As stated, the only issues raised by defendant's pleading and evidence were (1) was the note executed by C. A. Bickley, (2) if not, was it executed by his authority. Defendant's requested issue was not a controlling issue, under the pleadings and evidence, requested in substantially correct wording, as required by Texas R.C.P. 279. That rule further provides that "Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. Failure to submit an issue shall not be deemed a ground for the reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; * * *."

In finding that deceased "executed" the note sued on, the jury evidently determined that deceased signed and delivered the completed note to plaintiff. See Planters' Oil Co. v. Hill Printing & Stationery Co., Tex.Civ.App., 208 S.W. 192; Glover v. American Mortgage Corporation, Tex.Civ. App., 94 S.W.2d 1235, 1236; 33 C.J.S., Execute and Execution, 119; Kirby v. Baker, 213 Ala. 12, 104 So. 128; Fire Association of Philadelphia v. Ruby, 60 Neb. 216, 82 N.W. 629; Morgan v. Baum, Tex.Civ. App., 116 S.W.2d 1180.

We have given careful consideration to all of defendant's points and have concluded that reversible error is not shown. The judgment is affirmed.