**L. W. SAMPSON and S. K. Sampson,**
**Appellants,**

**v.**

**VERNON LAW BOOK COMPANY, Appellee.**

No. 15754.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 26, 1956.

Rehearing Denied Nov. 23, 1956.

Tom McMurray, Decatur, for appellants.

Weinberg, Sandoloski & Ginsberg and Sandy M. Sandoloski, Dallas, for appellee.

RENFRO, Justice.

The Vernon Law Book Company, appellee, recovered a joint and several judgment against L. W. and S. K. Sampson, which included foreclosure of a chattel mortgage on certain law books.

By their first point of error appellants contend the trial court should have dismissed the case or rendered judgment for them because of the failure of appellee, a foreign corporation, to prove it had a permit to do business in Texas.

The petition states plaintiff is a corporation, duly and legally incorporated under the laws of the State of Missouri. There is nothing in the pleadings, or proof, to show the transaction was intrastate.

The contract sued upon, and made a part of the petition, shows the books were ordered from the Vernon Law Book Company, Kansas City, Mo., to be shipped to appellants at Decatur, Texas.

A foreign corporation is not required to have a permit to transact business in this state in order to maintain an action with respect to an interstate transaction. Article 1529, Sec. 2, par. (7), R. C.S., Vernon's Ann.Civ.St. art. 1529, § 2 (7); Continental Supply Co. v. Hoffman, Tex.Com.App., 135 Tex. 552, 144 S.W.2d 253; Sloan v. Miami Margarine Co., Tex. Civ.App., 247 S.W.2d 169; Sharp v. J. R. Watkins Co., Tex.Civ.App., 250 S.W.2d 739; Hampshire Silver Co. v. Hill, Tex. Civ.App., 244 S.W.2d 520; Taormira Corp. v. International Playing Card & Label Co., Tex.Civ.App., 154 S.W.2d 949; 11 Tex.

Jur., p. 162, sec. 492. The point of error is overruled.

Other points contend the trial court erred in rendering judgment for appellee over appellants' defenses of payment, denial of partnership and limitation.

 The case was tried without a jury. No findings of fact were requested or filed. We must, therefore, consider the evidence and the inferences to be properly drawn therefrom in the light most favorable to appellee, treating as true the testimony which tends to support the judgment and disregarding that which is to the contrary. Viewed in the above light, the record discloses sufficient evidence to support the judgment.

The judgment of the trial court is affirmed.